Lombardo v 333 E. 49th Partnership, LP (2022 NY Slip Op 07504)

Lombardo v 333 E. 49th Partnership, LP

2022 NY Slip Op 07504

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: =Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Index No. 160424/20 Appeal No. 16999-17000 Case No. 2022-01414, 2022-01421 

[*1]Joseph Lombardo, Plaintiff-Respondent,
v
333 East 49th Partnership, LP, et al., Defendants-Appellants Dennis Dziena Associates, LLC, et al., Defendants. 

Kucker Marino Winiarsky & Bittens, LLP, New York (Nativ Winiasky of counsel), for appellants.
Goldberg & Lindenberg, P.C., New York (Jessica R. Goldberg of counsel), for respondent.

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered March 17, 2022, in favor of plaintiff and against defendants 333 East 49th Partnership, LP, 333 EA 4th Partnership, LP, and 330 East 50th Partners, LP, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 3, 2022, which granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment or to amend, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly granted plaintiff's CPLR 3212 motion for summary judgment. In the June 2021 order that denied plaintiff's CPLR 3213 motion, the court determined that the Petition for Administrative Review (PAR) order did not qualify as an "instrument for the payment of money only" because it was missing the required Division of Housing and Community Renewal (DHCR) certification form to make it such an instrument, and thus it did not constitute a proper basis for seeking summary judgment in lieu of a complaint.
Contrary to defendants' argument, the court's June 2021 order did not preclude summary judgment under CPLR 3212 in plaintiff's favor. Because the court found that the issues had been "extensively litigated, that defendants have had numerous opportunities to defend themselves against plaintiff's claims and have done so, and that this action seeks to enforce DHCR's findings against defendants," plaintiff had met his prima facie burden for summary judgment. The court correctly determined that defendants were bound by the factual findings of the PAR decision and thus were unable to raise triable issues of fact or assert new defenses to the already litigated claims (see Gersten v 56 7th Ave. LLC, 88 AD3d 189 [1st Dept 2011] [holding that a party was precluded from relitigating the rent-stabilized status of an apartment that had already been determined in the DHCR proceeding]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022